1    Craig J. Mariam (SBN 225280)
     Email: cmariam@gordonrees.com
2    GORDON & REES LLP
     633 W. 5th Street, 52nd Floor
3    Los Angeles, CA 90071
     Telephone: (213) 576-5000
4    Facsimile: (877) 306-0043

5    Dane H. Butswinkas
     Email: DButswinkas@wc.com
6    Daniel P. Shanahan
     Email: DShanahan@wc.com
7    Benjamin M. Greenblum
     Email: BGreenblum@wc.com
8    *Pro Hac Vice* Applications Pending
     WILLIAMS & CONNOLLY LLP
9    725 Twelfth Street, N.W.
     Washington, DC 20005
10   Telephone: (202) 434-5000
     Facsimile: (202) 434-5029

11

12   Attorneys for defendant Gilbarco, Inc.

13          UNITED STATES DISTRICT COURT

14         CENTRAL DISTRICT OF CALIFORNIA

15             WESTERN DIVISION

16   YEM, INC., a California Corporation,    Case No.: **CV11 02496 PA**
     AHMAN DIAB, an individual, SOBHY                           **AJWx**
17   C. YOUSEF, an individual, 676 EAST    Removed from:
     LAKE LLC, a California limited liability
18   company, MORRIS POULDAR, an      Superior Court of the State of
     individual,                                 California For the County of Los
19                                  Angeles
           Plaintiffs on behalf of      Class Action Case No.: BC454225
20             themselves and all those
             similarly situated,      **(1) DEFENDANT**
21                                 **GILBARCO, INC.'S NOTICE**
                                 **OF REMOVAL**
22       vs.
23   GILBARCO, INC., a Delaware        **(2) DECLARATION OF**
     Corporation, CALIFORNIA           **ANDREW ROBINSON**
     PETROLEUM EQUIPMENT
24   CORPORATION, a California
     corporation, NORTHWEST PUMP &
25   EQUIPMENT CO., a Washington
     corporation, and DOES 1 through 100,
26   inclusive,
27             Defendants.
28

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

FILED
CLERK, U.S. DISTRICT COURT

MAR 24 2011

CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

-1-

1     TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2   THE CENTRAL DISTRICT OF CALIFORNIA:

3     Pursuant to provisions of 28 U.S.C. §§ 1453(b), 1446, and 1332(d),

4   PLEASE TAKE NOTICE that defendant Gilbarco, Inc. ("Gilbarco") hereby

5   removes Case No. BC454225, filed in the Superior Court of the State of California,

6   for the County of Los Angeles, and all claims and causes of action therein, to the

7   United States District Court for the Central District of California, Western

8   Division.  As grounds for removal, Gilbarco states as follows:

9           **PROCESS, PLEADINGS, AND ORDERS TO DATE**

10     1.     On or about February 2, 2011, Plaintiffs commenced a putative class

11   action against Gilbarco, California Petroleum Equipment Corporation ("CPE"),

12   Northwest Pump & Equipment Co. ("Northwest Pump"), and Does 1 through 100

13   in the Superior Court for the State of California for the County of Los Angeles,

14   entitled Yem, Inc.et al. v. Gilbarco, Inc. et al, under case number BC454225, by

15   the filing of a complaint, a true and correct copy of which is attached hereto as

16   Exhibit A.

17     2.     Gilbarco was served with a Summons and Complaint on or about

18   February 28, 2011.  A true and correct copy of the Service of Process Transmittal

19   is attached hereto as Exhibit B.

20     3.     On information and belief, Defendants CPE and Northwest Pump

21   have also been served.

22     4.     On March 22, 2011, Plaintiffs filed an Initial Status Report, attached

23   hereto as Exhibit C.

24     5.     By order of the Superior Court, a case management conference is

25   scheduled for March 25, 2011.

26     6.     Gilbarco is informed and believes that the aforementioned documents

27   and exhibits constitute all of the process, pleadings, and orders on file in the action.

28   / / /

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## REMOVAL IS TIMELY

7.     The original complaint was served on an agent of Gilbarco by certified mail and process server on February 28, 2011.  The notice of removal is filed within thirty (30) days of that service and, therefore, is timely under 28 U.S.C. § 1446(b).

## NO CONSENT IS REQUIRED

8.     This putative class action may be removed without the consent of any other defendant.  *See* 28 U.S.C. § 1453(b).

## VENUE

9.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place in which the state-court case was pending.  This is a civil suit brought in California state court.  The action is now pending in Los Angeles County, California and, accordingly, under 28 U.S.C. § 84(c), the United States District Court for the Central District of California is the proper forum for removal.

10.    This action is properly removable to this division because it was filed in the Superior Court for the County of Los Angeles.  *See* 28 U.S.C. § 84(c)(2).

## JURISDICTION

11.    Removal jurisdiction is based on to 28 U.S.C. §§ 1332(d), 1441, 1446, and § 1453(b).

12.    This lawsuit is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d) and is one that may be removed to this Court under 28 U.S.C. §§ 1441, 1446 and 1453.  Under the Class Action Fairness Act and pursuant to 28 U.S.C. § 1453(b), class action suits that do not arise under federal law are removable if the aggregated claims of the putative class members exceed $5 million; there are at least 100 class members; and any class member is a citizen of a different state than any defendant.  28 USC § § 1332(d)(2), 1332(d)(5)-(6), 1453(a).  Removal of such actions is permissible under 28 U.S.C. §§ 1441(a) and

-3-

1453(b).

13.　　Plaintiffs' Complaint asserts five causes of action for: (1) false advertising; (2) violations of the California Business and Professions Code § 17200 et. seq.; (3) negligent misrepresentation; (4) negligence; and (5) breach of warranty. Plaintiffs bring this action as a representative action on behalf of a putative class.

## THE REQUIRED DIVERSITY OF CITIZENSHIP
## EXISTS BETWEEN ANY CLASS MEMBER AND ANY DEFENDANT

14.　　The Complaint provides that plaintiff Yem, Inc. is a California corporation and that plaintiff 676 East Lake Avenue LLC is a California limited liability company. Compl. ¶ 1.　Plaintiffs seek to represent a class of "all California motor fuel stations who purchased and installed the Gilbarco Passport system, either directly or through a third party, within the past four (4) years." *Id.* ¶ 6. According to the Complaint, this class consists of Plaintiffs "and hundreds of other California retail motor fuel stations." *Id.* ¶ 3.

15.　　The complaint also correctly alleges that Gilbarco was, at the time of the filing of the action, and remains, incorporated in the State of Delaware. *Id.* ¶ 4; *see also* Declaration of Andrew Robinson (attached hereto as Exhibit D), ¶ 2. Gilbarco's principal place of business is in the State of North Carolina.　Robinson Decl. ¶ 2. Gilbarco is not a citizen of the State of California but, rather, is a citizen of Delaware or North Carolina for the purpose of determining jurisdiction. Accordingly, each of plaintiffs Yem, Inc. and 676 East Lake Avenue LLC, who are members of the putative class, is a citizen of a state different from defendant Gilbarco and diversity exists.

## AMOUNT IN CONTROVERSY

16.　　Plaintiffs' Complaint is silent as to the total amount of damages claimed. The failure of the Complaint to specify the total amount of damages sought by Plaintiffs and the class does not, however, deprive this Court of

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-4-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

jurisdiction.    Gilbarco denies the validity of Plaintiffs' claims and all requests for relief thereon, but the allegations in Plaintiffs' Complaint and the claimed damages would exceed the jurisdictional minimum of five million dollars ($5,000,000) if proven.

17.    Where the specific amount of damages sought is not alleged in the Complaint, defendants must prove by a preponderance of the evidence that the amount in controversy prong is satisfied. *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) ("because Plaintiff failed to specify her damages, Defendant must prove only by a preponderance of the evidence that the damages claimed exceed $ 5,000,000"). When it is "facially apparent" from a complaint that the amount pled is less than the jurisdictional amount, a defendant must prove to a "legal certainty" that the amount in controversy exceeds the jurisdictional amount. *Id.*

18.    The putative class, according to the Complaint, consists of Plaintiffs "and hundreds of other California retail motor fuel stations." Compl. ¶ 3. The putative class consists of "all California motor fuel stations who purchased and installed the Gilbarco Passport system, either directly or through a third party, within the past four (4) years." Compl. ¶ 6. Given the large number of potential class numbers, the breadth of time covered, the retail price of the system that is the target of the Plaintiffs' Complaint (*see* Robinson Decl., ¶ 4), and the remedies sought, including general damages, special damages, rescission, restitution, injunctive relief, and attorneys' fees, the amount in controversy is in excess of $5,000,000.

19.    Demonstrating that the amount in controversy exceeds a certain sum can be done by setting forth the facts in controversy by way of affidavit, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). *See also Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("When the amount is not 'facially apparent' from the complaint, 'the court may consider facts in the removal petition,

-5-

1  and may 'require parties to submit summary-judgment-type evidence relevant to
2  the amount in controversy at the time of removal.'"").  As provided in the attached
3  declaration of Andrew Robinson, Plaintiffs' claim for rescission of all monies paid
4  to Gilbarco standing alone exceeds $5 million.  Robinson Decl., ¶4.  When
5  damages and attorneys' fees are added to that amount, the claimed recovery far
6  exceeds the threshold amount.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-
7  43 (9th Cir. 2001) (explaining that attorney's fees can be aggregated with other
8  damages for purpose of determining amount in controversy).  Accordingly, the
9  amount in controversy requirement for removal has been met.

### NUMBER OF CLASS MEMBERS

10
11       20.    As evidenced by the Robinson Declaration, the number of potential
12  class members exceeds 100 by a considerable margin.  More, the Complaint
13  alleges that the number of putative class members is in the "hundreds."  Compl., ¶
14  3.  According to sales data for the four-year period preceding the filing of this
15  action, Gilbarco sold more than 2,000 units of Passport in the State of California.
16  Robinson Decl., ¶ 4.  Given the number of sales of the subject software, the
17  number of consumers similarly situated as the named plaintiffs would easily
18  exceed 100 over the relevant period.  Plaintiff likely does not dispute this fact, and
19  in fact have asserted in their Initial Status Report that the estimated size of the
20  putative class is "approximately 4,000 to 5,000 California motor fuel stations."
21  *See* Exhibit C, ¶ 9.  The evidence provides that it is beyond controversy that the
22  number of putative class members exceeds 100.

### NOTICE TO STATE COURT AND OTHER PARTIES

23
24       21.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this
25  case is being served on counsel for Plaintiffs, CPE, and Northwest Pump, and a
26  Notice of Filing of Notice of Removal will be filed promptly with the Clerk of the
27  Superior Court of the State of California for the County of Los Angeles.
28  / / /

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    WHEREFORE, Gilbarco prays that the above-referenced action now

2  pending in the Los Angeles County Superior Court, State of California, Civil

3  Division, case number BC454225, be removed from that court to this United States

4  District Court.

5                                             Respectfully submitted,

6  Dated: March 23, 2011                      GORDON & REES LLP

7

8                                       By: _____

9                                             Craig J. Mariam (SBN: 225280)
                                              Email: cmariam@gordonrees.com
10                                            Attorney for defendant
                                              Gilbarco, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-7-

# Exhibit A

Thomas P. Bleau, Esq. SBN: 152945
Martin Fox, Esq. SBN 155783
BLEAU FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone : (323) 874-8613
Facsimile : (323) 874-1234
tbleau@bleaufox.com
mfox@bleaufox.com

Attorneys for Plaintiffs,
Yem, Inc., et al

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 02 2011

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
RUGENA LOPEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| YEM, INC., a California corporation, AHMAN DIAB, an individual, SOBHY C. YOUSEF, an individual, 676 EAST LAKE LLC, a California limited liability company, MORRIS POULDAR, an individual, <br><br> Plaintiffs on behalf of themselves and all those similarly situated, <br><br> v. <br><br> GILBARCO, INC., a Delaware Corporation; CALIFORNIA PETROLEUM EQUIPMENT CORPORATION, a California corporation; NORTHWEST PUMP & EQUIPMENT CO., a Washington corporation; and DOES 1 through 100, Inclusive, <br><br> Defendants. | CLASS ACTION <br><br> CASE NO:   **BC454225** <br><br> COMPLAINT FOR: <br><br> (1)   FALSE ADVERTISING (California Business and Professions Code Section 17500 et seq.) <br><br> (2)   VIOLATION OF CALIFORNIA Business and Professions Code §17200, et. seq.; <br><br> (3)   N E G L I G E N T MISREPRESENTATION <br><br> (4)   NEGLIGENCE <br><br> (5)   BREACH OF WARRANTY |

COMES NOW, Plaintiffs, on behalf of themselves and all those similarly situated, complains against Defendants, and each of them, as follows:

I.

## PLAINTIFFS

1. Plaintiff, YEM, INC., is a California Corporation and is a Shell branded motor fuel station

-1-
Complaint

located at 1303 S. Western Ave., Los Angeles, CA 90006. Plaintiff AHMAD DIAB is an individual who owns and operates a 76 branded motor fuel station located at 1777 E. Palm Canyon, Palm Springs, CA 92264. SOBHY C. YOUSEF is an individual who owns and operates two Shell branded motor fuel stations located at 2796 N. Palm Canyon, Palm Springs, CA 92262 and 77920 Avenue of the States, Palm Desert, CA 92211. 676 EAST LAKE AVE LLC is a California limited liability company who owns and operates a 76 branded motor fuel station located at 676 East Lake Ave., Watsonville, CA 91076. MORRIS POULDAR is an individual who owns and operates two (2) 76 Branded motor fuel stations located at 10638 Culver Blvd., Culver City, CA 90230 and 9460 W. Olympic Blvd., Beverly Hills, CA 90212.

2. The above-listed Plaintiffs own and operate retail motor fuel service station located throughout Los Angeles County, California and all have purchased and have installed the Gilbarco Passport Point of Sale System ("Passport" "Passport system" "system") complained of herein.

3. Plaintiffs bring this action on behalf of themselves and hundreds of other California retail motor fuel stations seeking damages, restitution, equitable and injunctive relief for the proposed Class as defined herein.

4. Plaintiffs bring this action against Defendants, GILBARCO, INC., a Delaware Corporation ("Gilbarco") and CALIFORNIA PETROLEUM EQUIPMENT CORPORATION, a California corporation ("CPE") and NORTHWEST PUMP AND EQUIPMENT CO., a Washington corporation ("Northwest"), in connection with Defendants' design, manufacture, sales, performance, servicing, warranting and distribution of the Passport system.

## CLASS ALLEGATIONS

5. The Plaintiffs representatives bring this action on behalf of itself and all others similarly situated as a class action.

6. The class the Plaintiffs representatives seek to represent is defined as all California motor fuel stations who purchased and installed the Gilbarco Passport system, either directly or through a third party, within the past four (4) years.

7. Excluded from the Class are (i) Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest or which has a controlling interest in

1    Defendants, and Defendants' legal representatives, predecessors, successors and assigns; (ii)

2    governmental entities; (iii) Defendants' employees, officers, directors, agents, and representatives and

3    their family members; and (iv) the Judge and staff to whom this case is assigned, and any member

4    of the Judge's immediate family. Plaintiffs reserve the right to amend the class definition if discovery

5    and further investigation reveal the Class should be expanded or otherwise modified.

6        8. The proposed class is so numerous that joinder of all members is impractical. The exact

7    number of gasoline stations affected is unknown and identification of all past and present class

8    members is exceedingly difficult without discovery from the Defendants. Therefore a class must be

9    formed in order to adequately litigate this action.

10        9. This action has been brought and may be properly maintained as a class action because

11   there is a well-defined community of interest in the litigation and the proposed class is easily

12   ascertainable:

13       (a)    Numerosity - The subject Passport systems were sold and distributed by the

14              Defendants Gilbarco, CPE and Northwest throughout the State of California.

15              Plaintiffs are informed and believe and based thereon allege that the proposed putative

16              Class is made of approximately hundreds and perhaps thousands of motor fuel

17              stations.

18       (b)    Common Issues Predominate - Common questions of law and fact exist as to all

19              members of the Class and predominate over any questions which affect only

20              individual members of the Class. Plaintiffs are informed and believe and based

21              thereon allege that the subject Passport systems are all (or substantially) the same and

22              do not materially differ in any manner that is relevant to the Plaintiffs' allegations of

23              defects, and the damage and harm caused thereby. Plaintiffs are informed and believe

24              and based thereon alleges that the subject Passport system all have the same inherent

25              defects (and that same was defective when made, designed, modified, distributed and

26              sold, when they left the Defendants' possession and control, and are presently

27              defective as they were and are now being used by Class members). There is a well-

28              defined community of interest in the questions of law and fact involved and that affect

-3-
Complaint

Plaintiffs who purchased the Passport system and they all suffer from inherent and common defects. These questions of law and fact predominate over questions that affect only individual class members.

The common questions of law and fact include, without limitation:

(1) Whether the subject Passport systems are defective;

(2) Whether the Defendants, within the past four (4) years, unlawfully, falsely advertised and/or promoted its "Gilbarco Passport Point of Sale System" (and other similar Passport systems) ("Passport") to be compliant with proper implementation and tracking of cash and/or cash/credit pricing for the sale of motor fuel, to provide proper and accurate accounting and tracking of fuel and other sales (i.e. lost sales and double entering of the same sales transaction, combining sales from different transactions, transpose numbers (including data and/or dates)), provide detailed and accurate tracking of motor fuel service station transactions (failures to capture credit card and debit card sales (causing lost profits)), to be free from "freezing" and/or abnormal "slow-downs" of the class stations sales systems, to be free from constant failures to report the cash and credit sales for each grade of fuel sold, to be free from failures to display the cash price at the dispenser, the systems' failure to be PCI compliant and would be able to "do everything the 'G-Site System' ( the prior system offered by Gilbarco) would do and more," the failure to provide adequate and customary customer service assistance to deal with the many short-comings of the Passport system

(3) Whether Defendants knew and/or recklessly disregarded the fact that the subject Passport system was and is defective and not fit for its intended purpose;

(4) Whether Defendants knew and/or recklessly disregarded the fact that the subject Passport systems were and are defective;

(4) Whether Defendants concealed, and failed to disclose to the Class, material facts in its communications and disclosures to Plaintiffs and the Class members regarding

the Defects, which are inherent in the subject Passport system;

(5) Whether Defendants have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts of practices in connection with the sale and distribution of the subject Passport system;

(6) Whether Defendants violated the unfair business practices statutes of the State of California;

(7) Whether Defendants breached express written and/or representative warranties;

(8) Whether Defendants breached its/their implied warranties;

(9) Whether Defendants have been unjustly enriched;

(10) Whether as a result of Defendants' conduct, Plaintiffs have suffered damages; and if so, the appropriate amount thereof;

(13)    Whether the Passport system is defective in its design and/or manufacture and are not fit for its intended use;

(14)    Whether as a result of the Passport system's design and/or manufacturer defects, Plaintiffs and the Class have been damaged;

(15)    Whether Defendants were negligent in selling/placing into the stream of commerce defective Passport systems;

(16) Whether, as a result of Defendants' conduct, Plaintiffs have suffered damages; and if so, the appropriate amount thereof;

(17) Whether, as a result of Defendants' misconduct, Plaintiffs are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

These questions or law and fact predominate over questions that affect only individual Class members and there is a well-defined community of interest in the questions of law and fact involved and that affect the Class.

(c)    Typicality - The Plaintiffs' claims are typical of the claims of the Class members in that the Plaintiffs were subject to the same Passport system problems and defects, which share the same design, parts, materials, workmanship and manufacture and

1 about which Defendants repeatedly made the same or nearly identical, uniform

2 representations, failures and omissions. Therefore, the claims of the Plaintiffs are and

3 will be typical of the Class members.

4 (d) The Class is ascertainable - The representative Plaintiffs have adequately defined the

5 Class so the Court will be able to use the definitions to determine class membership.

6 (e) Adequacy - The Plaintiffs will fairly and adequately represent the interests of all Class

7 members. The Plaintiffs have purchased and installed the subject Passport systems

8 and are adequate representatives of the Class as they have no interests which are

9 adverse to the interests of absent Class members. The Plaintiffs have retained counsel

10 with substantial gas station litigation experience and success and who have been

11 certified in other class action matters.

12 (d) Superiority - A class action is superior to other available means for the fair and

13 efficient adjudication of this controversy. Class action treatment will permit a large

14 number of similarly situated persons to prosecute their common claims in a single

15 forum simultaneously, efficiently and without the unnecessary duplication of effort

16 and expense that numerous individual actions would engender. The disposition of

17 their claims in this case and as a part of a single class action lawsuit, rather than

18 hundreds and perhaps thousands of individual lawsuits, will benefit the parties and

19 greatly reduce the aggregate judicial resources that would be spent if this matter were

20 handled as hundreds of separate lawsuits. Furthermore, given the extraordinary

21 expenses and burden in conducting the discovery and presentation of evidence about

22 the inherent defects in the Passport system, the burden of individual litigation would

23 make it extremely difficult, if not impossible for individual members of the Class to

24 redress the wrongs asserted herein, while an important public interest will be served

25 by addressing the matter as a class action. Moreover, separate prosecution by

26 hundreds and/or thousands of individual members of the Class would likely establish

27 inconsistent standards of conduct for the Defendants and result in the impairment of,

28 and potential harm to, Class members' rights and the disposition of their interests

through actions to which they were not parties. Plaintiffs are informed and believe and based thereon allege that a great amount of time and expense will be saved by conducting the discovery and presentation of evidence about the inherent Defects in the Passport system in a single class action lawsuit, in contrast to the repeated discovery and presentation of evidence in hundreds of thousands of separate lawsuits brought on the common questions presented by the allegations of this complaint. The Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

10. The Plaintiffs have operated their motor fuel marketing premises at all times relevant herein, have purchased and used the Passport system within the past four (4) years.

## II

## DEFENDANTS

11. Defendant, GILBARCO, INC., is a Delaware corporation with its headquarters and principal place of business in Greensboro, North Carolina. Defendant COMMERCIAL PETROLEUM EQUIPMENT CORPORATION is a California corporation with its headquarters and principal place of business in Sun Valley (Los Angeles County), California. Defendant NORTHWEST PUMP & EQUIPMENT CO. is a Washington corporation with its headquarters and principal place of business in Portland, Oregon.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 100, inclusive are unknown to Plaintiffs. Plaintiffs are informed and believe and based thereon allege that each fictitious Defendant was in some way responsible for, participated in or contributed to the matters or things of which Plaintiffs complain herein, and in some fashion has legal responsibility therefor. When the exact nature and identity of each such fictitious Defendant is ascertained by Plaintiffs, Plaintiffs will seek leave to amend this Complaint and all proceedings herein to set forth the same.

### III

### JURISDICTION AND VENUE

13. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California for the County of Los Angeles.

14. Pursuant to Section 395 of the California *Code of Civil Procedure*, venue is proper in the Superior Court of California for the County of Los Angeles.

15. Plaintiffs are informed and believe, and based thereon alleges that Defendants maintain offices, employs individuals, and sold and/or installed said Passport system, within the County of Los Angeles, State of California, thereby maintaining sufficient minimum contacts which render the exercise of personal jurisdiction over it reasonable and in conformance with due process.

### IV

### GENERAL ALLEGATIONS

16. Plaintiffs are informed and believe and based thereon allege that at all times mentioned in this complaint, Defendants were agents, employees and/or joint venturers of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency, co-employment and/or joint venture.

17. Within the past four (4) years, Plaintiffs and the class they seek to represent, in order to comply with the requirements of their respective brands, credit card processing and in order to comply with PCI requirements, purchased and installed the subject Passport systems. Within the State of California, the owners and/or operators of hundreds and/or thousands of motor fuel stations had to purchase said PCI compliant systems. There are limited vendors of these compliant systems and Defendant Gilbarco is one of these vendors.

18. Plaintiffs are informed and believe and based thereon allege that hundreds (and perhaps thousands) of motor fuel stations purchased and installed the Passport systems.

19. Plaintiffs are informed and believe and based thereon allege that Defendants placed the Passport system into the stream of commerce with a defective design(s) and/or defective manufacture. Plaintiffs are informed and believe and based thereon allege that said defective Passport systems contain internal design defects as listed above. This design defects along with unsuitable support and

1  modifications/patches, allows, among other things, lost sales, the double entry of sales, the inability
2  to properly track fuel sales by grade etc.

3      20. Plaintiffs are informed and believe and based thereon allege that, as a result of the
4  defective design(s) and manufacture, the Passport system fails to perform adequately, for its intended
5  purpose and as advertised.

6      21. Plaintiffs are informed and believe and based thereon allege that the short-term "cheap
7  fix" of "rebooting" the system and/or several software patches have failed to correct said defects and
8  shortfalls and will (and does) severely and permanently harm their businesses and good will in that
9  their customers will not tolerate the various inconveniences as listed above.

10      22. Plaintiffs are informed and believe and based thereon allege that the various interim
11  software patches did not solve the freezing and slow down of the respective stations systems causing
12  great inconvenience to the Plaintiffs' customers in that they must wait longer than normal to refuel
13  their vehicles and/or are double charged for purchases. Thus, said customers will not return to the
14  Plaintiffs' locations and will instead choose a location from that point forward that does not suffer
15  from same.

16      23. Plaintiffs have performed all obligations required of them at all relevant times except for
17  those obligations for which Plaintiffs were excused from performing.

18      24. Plaintiffs are informed and believe and based thereon allege that Defendants have placed
19  defective Passport systems into the stream of commerce and then embarked on a course of action to
20  deny and cover up said defects instead of instituting proper remedies including, but not limited to
21  either replacing or fixing the defective Passport system.

22      25. Plaintiffs are informed and believe and based thereon allege that Defendants falsely
23  advertised the subject Passport system to be fit for its intended purpose and to include the required
24  and properly working systems to accurately and completely track and account for the sales at the
25  stations (Please see Exhibit "A", a true and correct copy of said advertisement attached hereto and
26  incorporated by reference).

27      26. Plaintiffs are informed and believe and based thereon allege that many, if not most, of
28  the motor fuel locations are minimally staffed self-service locations and thus there are no employees

1   to constantly review and keep track of the sales at the locations on order to continually correct the

2   Passport system's mistakes and errors.

3       27. Plaintiffs are informed and believe and based thereon alleges that part of the purpose and

4   intent of the purchase and implementation of the Passport system is for the station to be PCI

5   compliant and to accurately record all important and relevant aspects of the sales at the station

6   locations.

7       28. Plaintiffs are informed and believe and based thereon allege that Plaintiffs, and the class

8   the Plaintiffs represent, within the past four (4) years, have spent thousands (and perhaps tens of

9   thousands) of dollars on purchasing and installing the defective Passport system.

10      29. Plaintiffs are informed and believe and based thereon allege that Plaintiffs, and the class

11  Plaintiffs represent, were foreseeable purchasers/users of the Passport system.

12      30. Plaintiffs are informed and believe and based thereon allege that within the past (4) years

13  through the present, Defendants misrepresented the suitability of the Passport system for its intended

14  purpose, unjustly delayed and refused to issue a proper remedy for the defective Passport system,

15  refused to properly correct/fix the defective Passport system in a manner which does not impact the

16  Plaintiffs' business and customer convenience and at no cost to the Plaintiffs and those similarly

17  situated.

18      31. Plaintiffs are informed and believe and based thereon alleges Defendants provide express

19  written warranties for the subject Passport system sold in the State of California against defects in

20  material and workmanship.

21      32. Plaintiffs are informed and believe and based thereon allege Defendants also warrant that

22  under normal conditions, said Passport system will operate properly and without defects and implied

23  therein, will not be subject to the defects and failures listed herein.

24      33. Plaintiffs are informed and believe and based thereon allege that Plaintiffs relied upon

25  the express and implied warranties and Defendants have failed to satisfy and address their obligations

26  by not repairing or replacing free of charge the said defective Passport system.

27      34. Plaintiffs are informed and believe and based thereon alleges Defendants breached the

28  warranties because said defective Passport systems broke/malfunctioned/failed to perform as intended

1    from the time of being placed into service without any outward indication of same and coupled with

2    the defective design, allowed the failures listed herein. Thereafter, Plaintiffs and those similarly

3    situated were forced to endure lost sales, customer inconvenience, lost profits and exposure to

4    liability.

5        35. Plaintiffs are informed and believe and based thereon allege that the limitations on

6    remedies contained in Defendants' express written warranties fail for their essential purpose and are

7    unenforceable with respect to the defects described herein. When Defendants were notified of the

8    defects and problems, Defendants failed to provide any adequate repairs, or any other remedy that

9    repairs or replaces the defective parts of the Passport system software and/or hardware. For the same

10   reason, to the extent there is any notice requirement imposed by law, notice is excused because

11   Defendants has (and had) actual knowledge of defects in the Passport system; therefore notice to

12   Defendants has been, is and will be futile in that Defendants have failed to remove, replace the

13   subject parts, pieces, materials or components that are the actual cause of the failures listed herein.

14       36. Plaintiffs are informed and believe and based thereon allege that as part of the sale of each

15   Passport system, Defendants warranted, marketed, and advertised that the defective Passport systems

16   were of merchantable quality fit for the ordinary purpose for which motor fuel station management

17   systems are used, i.e., to safely, lawfully and conveniently accept, track and accurately report sales

18   at the locations.

19       37. Plaintiffs are informed and believe and based thereon allege that at the most basic level,

20   Defendants fail to disclose the true and hidden defects, and falsely advertises and misrepresents the

21   characteristics, benefits, quality, grade, standard and/or level of maintenance of the Passport system

22   since the Passport system fails its most fundamental intended purpose - safely, lawfully and

23   conveniently accept, track and accurately report sales at the locations. Examples of said

24   misrepresentations and false advertisements include, but are not limited to:

25       ● "Superior usability with an intuitive, intelligent touch screen interface that dramatically

26       reduces training time, errors and shrinkage";

27       ●"Powerful business information and security features through dynamic reporting and

28       tracking mechanisms";

1       ● "Sophisticated business growth tools, including fuel discounting......"

2       ● "Easy expandability and maintenance....";

3       ● "Detailed tracking of safe drops and fuel inventory.....and Fuel discounting by card type,

4       car wash and cash....";

5       (Please see Exhibit "A", a true and correct copy of Defendants Gilbarco Passport Point of

6       Sales brochure)

7

8       38.  Plaintiffs are informed and believe and based thereon allege that Defendants also fail to

9  disclose, in its promotional materials, website and at the point of purchase, the extraordinary

10  maintenance that its Passport systems require in order to combat the failures and shortfalls described

11  herein. The extraordinary maintenance includes, but is not limited to constant line-by-line inspections

12  of reports and records to ensure accuracy therein.  This type of information is material because a

13  reasonable gasoline dispensing facility would want to know how much maintenance is required

14  before purchasing and installing same, especially since the reason facilities purchase a particular

15  system such as the Passport system is for less maintenance and reliability (a great majority of facilities

16  are self-serve and usually only have a cashier working inside the store).

17       39.  Plaintiffs are informed and believe and based thereon allege that given the failures set

18  forth herein, and subsequent measures the Plaintiffs and those similarly situated have had to

19  undertake to continue the ability to try to run their businesses, the subject Passport system does not

20  have the characteristics, benefits, qualities, grade, standard that Defendants represent and advertise.

21       40.  Plaintiffs are informed and believe and based thereon allege that Defendants also fail to

22  inform users prior to and at the time of purchase, and in the written material it provides to purchasers

23  of the Passport system, that even if Plaintiffs and Plaintiffs' customers operate the Passport system

24  as instructed, the Passport system will still malfunction and the will be subject to the failures and

25  defects as stated herein regardless of the use and maintenance of the Passport system due to the

26  defects in same. The defects render the Passport system unusable for the ordinary purpose for which

27  it was advertised, marketed and sold.

28       41.  Plaintiffs are informed and believe and based thereon allege that based upon the

1   allegations in this Complaint, Defendants have misrepresented the quality and performance of the

2   Passport system prior to and at the time of purchase.

3       42. Plaintiffs are informed and believes and based thereon allege that the afore-mentioned

4   representations of Defendants were and are false and were known to Defendants to be false when

5   they were made.

6       43. Plaintiffs are informed and believes and based thereon allege that continued and constant

7   inspections by station and certified personnel are not part of normal system ownership. Same now

8   requires Plaintiffs and those similarly situated to spend extra money and time they did not reasonably

9   expect to spend.

10      44. Plaintiffs are informed and believes and based thereon allege that as a result of

11  Defendants' concealment of the extraordinary actions and the resulting undisclosed additional

12  operating expenses, the Plaintiffs and those similarly situated, are not provided material information,

13  known by, or recklessly disregarded by, Defendants, before they decide which brand of system to

14  purchase. The Passport systems are worth less than the Plaintiffs and the class Plaintiffs seek to

15  represent paid for them and the ownership and operation of the Passport system will cost more than

16  the Defendants represented.

17      45. Plaintiffs are informed and believes and based thereon allege that Defendants were

18  obliged to disclose the material facts because a) they had exclusive knowledge of the material facts

19  not known to Plaintiffs, and the putative class since only Defendants had access to the aggregate data

20  from its distributers, its own tests, and complaints from its/their customers; b) they actively concealed

21  and suppressed material facts from the Plaintiffs and the putative class by not warning of the defects

22  at the time of purchase and by performing repair work that it knew would not cure the defects

23  unknown to Plaintiffs; c) by recommending remedies to complainants that it/they knew and knows

24  will not cure the defects or the resulting problems, thereby causing damages; and/or d) Defendants

25  recommended futile actions, such as "rebooting the system" but at the same time, suppressed the

26  material fact that the Passport system had inherent defects that caused the risk of the failures

27  discussed herein.

28      46. Plaintiffs are informed and believes and based thereon allege Defendants have also

1   refused, and continues to refuse to modify and/or repair the defective Passport system so that the

2   system no longer possessed the inherent design and/or manufacturing defects or cause their owners

3   incur undisclosed additional operating expenses. Defendants could eliminate the defects by altering

4   the Passport system's design, how the system operates and/or using different, designs, parts and/or

5   materials.

6       47.   Plaintiffs are informed and believes and based thereon allege in light of Defendants'

7   knowledge of the serious problems caused by the defects in the Passport system, Defendants knew,

8   or should have known, that when it sold the Passport system, that it had a value that was substantially

9   less than its actual retail purchase price.

10      48.   Plaintiffs are informed and believes and based thereon allege that the Plaintiffs and the

11  putative class reasonably expected that the Passport system would not contain the defects. The

12  presence of the defects substantially reduce the system's value, in that a) Defendants sold the Passport

13  system without the intent to sell it as advertised; b) the Passport system does not have uses, benefits

14  and characteristics Defendants represented it would have; 3) the system not of the standard, quality

15  or grade Defendants represented; and 4) do not accurately track/report motor fuel station sales.

16      49.   Further, Plaintiffs are informed and believes and based thereon allege that Defendants

17  concealment of the defects and the undisclosed additional operating expenses that will result under

18  normal operating conditions is a deceptive, unlawful, unfair, and fraudulent business act and practice.

19  Also, Defendants concealment of the defects and undisclosed additional operating expenses means

20  its advertising of the Passport system was unfair, deceptive, untrue and misleading. The Plaintiffs

21  and the purported plaintiff class reasonably expected that the Passport system would not require

22  extensive and expensive repairs/maintenance as a result of the defects, which were known to

23  Defendants before and at the time the Passport system was sold to the Plaintiffs and the purported

24  plaintiff class. If Defendants had not misrepresented and concealed material information regarding

25  the systems' defects, Plaintiffs would not have purchased the Passport system at premium prices on

26  the terms offered.

27      50.   Plaintiffs are informed and believes and based thereon allege that Defendants also have

28  profited, either directly or indirectly, by concealing the nature of the defects because Defendants have

been able to convince the Plaintiffs, and the purported class, to purchase the system, and to pay for Defendants' repair services and replacement parts/patches and the constant maintenance and the undisclosed additional operating expenses even though Defendants know that the new patches and repairs it offers the class cannot cure the defects, and in fact has profited by failing and refusing to correct the defects in the Passport systems.

51. Plaintiffs are informed and believes and based thereon allege that Defendants failed to adequately design and/or test the Passport system to ensure that it is free from the defects that cause the defects listed herein and do not cause their owners to incur undisclosed additional operating expenses. Plaintiffs are informed and believes and based thereon allege that before Defendants began selling the Passport system, Defendants knew, or was reckless in not knowing, that the system; a) contained defects in design, operation, parts, materials, assembly and workmanship; and b) is not of merchantable quality or fit for its ordinary purpose.

52. Plaintiffs are informed and believes and based thereon allege that Defendants continue to conceal material information, even post-sale, from users, and the Plaintiffs and the purported Plaintiff class, by not disclosing that the Passport system is; a) inherently defective; b) not of merchantable quality or fit for its ordinary purpose; and/or c) will not eliminate the failures listed herein.

53. Plaintiffs are informed and believes and based thereon allege that despite having repeated notice of the defects in its Passport system and the reasonable expectations of the Plaintiffs and the purported Plaintiff class created by Defendants' marketing of the Passport system, Defendants have engaged and continues to engage in the following routine, albeit, wrongful course of conduct where they:

a) Design, manufacture and sell the Passport system with defects as listed herein and undisclosed additional operating expenses;

b) Fail to disclose that the Passport system has defects that cause the defects and shortfalls as listed herein and undisclosed additional operating expenses;

c) Continue to represent the Passport system is free from defects, designed for maximum safety, user friendly, have lower maintenance costs, higher customer satisfaction etc. when it does

not;

d) Continue to represent expressly or by implication that the Passport system the Plaintiffs, and the Plaintiff class, is dependable, cost effective, and would provide outstanding performance when they knew that these statements were false;

e) Continue to manufacture, market, advertise, distribute, and sell the Passport system to motor fuel stations when it knew or should have known the system was not dependable and would not withstand normal operation and maintenance;

f) Fail to disclose to Plaintiffs the substantial risk of system's failure;

g) Fail to disclose the nature of the defects to the motor fuel station industry;

h) Fail to implement a reasonable, effective, fair and satisfactory recall or repair program to adequately announce to Plaintiffs the presence of the defects and the undisclosed additional operating costs caused by the defects, and fails to provide, without charge to Plaintiffs, and the purported Plaintiff class, a solution to remedy and correct the defects;

i) Fail to disclose to Plaintiffs that Defendants are not committed to make repairs, under its warranties, that would correct and eliminate the defects in materials and workmanship that caused the failures listed herein and the undisclosed additional operating expenses;

j) Fail to take action to correct their concealment of material information or false and misleading implied or express representations about the use, benefits, characteristics, standard, quality, grade and performance of the Passport systems; and

k) Fail to disclose that despite following its recommendations on how to operate and maintain the Passport system, the system still has the capability to fail as listed herein and Plaintiffs would incur undisclosed additional operating expenses.

54. Plaintiffs are informed and believes and based thereon allege that as a result of Defendants' deceptive conduct and concealment of material information about its Passport system, as well as its other acts and omissions, Defendants have caused Plaintiffs and the class Plaintiff seeks to represent to suffer injury as a result of the defects in the Passport system, including, but not limited to:

a) Plaintiffs overpaid for a defective product;

b) The value of Plaintiffs' Passport system is less than it would have been if the system did not have the defects; and

c) Plaintiffs have been reasonably forced to spend additional sums for continued repair and verification of the system's information, and other purported remedies and extraordinary maintenance, which money they would not have spent but for Defendants concealment of material information and misrepresentations about the Passport system and the efficacy of the altered use or repairs it recommended Plaintiffs perform on their systems.

55. If Plaintiffs had known about the defects in the Passport system, and about the system's propensities to prematurely fail and incur undisclosed additional operating expenses thereby, they would not have paid the significant sums of money it paid for the Passport system.

56. Plaintiffs are informed and believes and based thereon allege that in sum, Defendants manufacture and sell Passport systems with inherent defects that cause it to fail as listed herein, all of which Defendants fail to disclose, and misrepresent the Passport system's benefits, characteristics, uses and qualities.  Then, Defendants deny warranty claims and instead recommend the Plaintiffs "reboot" their systems and/or undertake previously undisclosed constant, continued,  costly and inefficient inspections and repairs - the undisclosed extraordinary actions which cause them to incur the undisclosed additional operating expenses.

57. Any applicable status of limitations have been tolled by Defendants continuing, knowing and active concealment of the facts alleged herein.  Defendants have kept Plaintiffs ignorant of vital information essential to the pursuit of his claims without any fault or lack of diligence on their part. For example, Defendants have consistently maintained that any problems with the systems were due to alleged customer misuse and Plaintiffs' alleged lack of maintenance and inspections and suggested remedies that only delayed discovery of the defects, or replaced parts that Defendants knew would not cure the underlying problem while leading Plaintiffs to believe that the problems would be cured. As such, Plaintiffs could not have reasonably discovered the facts giving rise to the claims asserted herein until recently.

58. In the alterative, Defendants should be estopped from relying on any statutes of limitation. Defendants have been under a continuing duty to disclose the true character, quality, and nature of

1    its Passport system to Plaintiffs, and to repair the defects, but have failed to do so. Because
2    Defendants are and was in exclusive possession of the facts and information concerning the true
3    character, quality and nature of the Passport system, Defendants are estopped from relying on any
4    statutes of limitations.

5    59. Plaintiffs are informed and believes and based thereon allege that Defendant's acts and
6    practices are unlawful because they violate California *Civil Code* §§ 1668, 1709, 1710, 1711.

7    60. Plaintiffs are informed and believes and based thereon allege that Defendants violate
8    California *Civil Code* §1668 by attempting to exempt itself from liability for selling defective
9    Passport system and by unlawfully limiting the warranty period of the system it knows to be
10   defective.

11   61. Plaintiffs are informed and believes and based thereon allege that Defendants violate
12   California *Civil Code* §§ 1709, 1710 and 1711 by not disclosing the material information that the
13   Passport systems have a high propensity to develop constant maintenance, inspections and
14   investigation in order to lessen the likelihood of the defects listed herein when used in a reasonably
15   foreseeable manner, which in turn causes the Plaintiffs to incur undisclosed additional operating
16   expenses. Defendants knowingly or recklessly concealed or suppressed from Plaintiffs that the
17   Passport system was subject to the defects and as a result would require undisclosed additional
18   operating expenses thereby defrauding the Plaintiffs and the class the Plaintiffs seek to represent.
19   Plaintiffs were unaware of the defects and that the defects would cause the failures listed herein.
20   Plaintiffs would not have purchased the Passport system had they known of the defects before it
21   purchased the Passport system. As a result of Defendants' concealment of the defects, and the
22   system's propensity to allow fail and the extraordinary additional operating expenses, Plaintiffs have
23   lost money by overpaying for the Passport system and paying for repairs and/or costs associated with
24   Defendants' suggested remedies.

25   62. Plaintiffs are informed and believes and based thereon allege that Defendants' acts are
26   fraudulent in that they have deceived and/or likely to deceive Plaintiffs and the class Plaintiffs seek
27   to represent. Defendants knowingly sold Plaintiffs the Passport system with defects that have
28   rendered the system essentially unusable for the purposes for which it was purchased.

**IV**

**FIRST CAUSE OF ACTION**

**For False Advertising**

**Against Defendants**

63. Plaintiffs refer to the allegations contained in Paragraphs 1 through 62, inclusive, and by reference thereto, incorporates the same herein as though fully set forth and alleged herein.

64. Plaintiffs are informed and believes and based thereon allege that within the past four (4) years, Defendants published and distributed in the County of Los Angeles, and the State of California, an advertisement that contained several misrepresentations as set forth above. (Please see Exhibit "A" attached hereto and incorporated by reference).

65. Plaintiffs are informed and believes and based thereon allege that the purpose of the advertisement was to induce the Plaintiffs, and the class the Plaintiffs represent, to purchase the defective Passport system.

66. Plaintiffs are informed and believes and based thereon allege that Defendants' representations in the advertisement were known, or should have been known by the exercise of reasonable care, to be untrue and misleading, and were made to deceive Plaintiffs and the class the Plaintiffs represent.

67. Plaintiffs are informed and believes and based thereon allege that they believed and relied upon the representations made in the advertisement, more specifically that the Passport system would function properly, would be free from defects, would be reliable and only require standard maintenance, would be in compliance with law and would operate properly.

68. Plaintiffs are informed and believes and based thereon allege that the statements described above were false and misleading in assuring that the Passport system will operate as intended.

69. Plaintiffs are informed and believes and based thereon allege that within the past four (4) years, in reliance upon said representations and advertising, the Plaintiffs, and the class the Plaintiffs represent, purchased said Passport systems from various authorized distributors.

70. Plaintiffs are informed and believes and based thereon allege that within the past two (2)

-19-

Complaint

years, Plaintiffs discovered that the Passport systems were defective. Defendants were notified of said defects shortly thereafter.

71. Plaintiffs are informed and believes and based thereon allege that Plaintiffs, and the class the Plaintiffs represent, have spent thousands of dollars on the purchase and installation of said defective Passport systems and have suffered damage to their profits and business good in an amount to be determined at trial and in excess of the minimum jurisdictional limits of this Court.

**V.**

**SECOND CAUSE OF ACTION**

**Violations of California Business and Professions Code § 17200, et seq.**

**Against Defendants**

72. Plaintiff incorporates and re-alleges the allegations of paragraphs 1 through 71, inclusive, as if fully set forth herein.

73. Plaintiffs are informed and believes and based thereon allege that Defendants, and each of them, have engaged in a pattern of behavior and/or a course of conduct of unfair and/or fraudulent business practices against Plaintiff, and the class which it represents, within the meaning of California *Business and Professions Code* §17200, et seq.

74. Plaintiffs are informed and believes and based thereon allege that Defendants, and each of them, negligently or knowingly and fraudulently misrepresented the purported benefits and attributes, lawful compliance and the fitness for their intended purpose of the Passport system. As such, said unlawful activity constitutes unfair and fraudulent business practices against the Plaintiffs, and the class they represent, within the meaning of California *Business and Professions Code* § 17200, et seq.

75. By reason of Defendants', and each of them, acts of unlawful, unfair and/or fraudulent business practices, Plaintiffs, and the class they represent have suffered actual injury.

76. By reason of Defendants', and each of them, acts of unfair business practices, Plaintiffs, and the class which they represent, are entitled to and request restitution, of all income, profits and other benefits derived from Defendants', and each of them, unlawful, unfair and/or fraudulent

-20-
Complaint

business acts and/or practices in an amount according to proof at the time of trial, for an injunction preventing the Defendants from continuing to sell, market, advertise defective Passport systems and and order directing the Defendants to immediately replace said defective Passport systems with systems fit for their intended purpose.

## VI.

### THIRD CAUSE OF ACTION

### Negligent Misrepresentation Against Defendants

77. Plaintiffs incorporate and re-allege the allegations of paragraphs 1 through 76, inclusive, as if fully set forth herein.

78. Plaintiffs are informed and believes and based thereon allege that Defendants, within the past (2) years, harmed Plaintiffs, and the class the Plaintiffs represent, because Defendants negligently misrepresented material facts upon which the Plaintiffs, and the class the Plaintiffs represent relied.

79. Plaintiffs are informed and believes and based thereon allege that Defendants represented to Plaintiffs, and the class the Plaintiffs represent, that the Passport system was fit for its intended purpose, free from defects and were lawfully compliant.

80. Plaintiffs are informed and believes and based thereon allege that Defendants' representations to the Plaintiffs, and the class the Plaintiffs represent, that the Passport systems were fit for their intended purpose, free from defects and were lawfully compliant sold and delivered to the Plaintiffs were not true and/or correct.

81. Plaintiffs are informed and believes and based thereon allege that Defendants had no reasonable grounds for believing the afore-stated representations were true when the Defendants made the representations.

82. Plaintiffs are informed and believes and based thereon allege that Defendants intended that Plaintiffs, and the class the Plaintiffs represent, to rely upon the afore-stated representations.

83. Plaintiffs are informed and believes and based thereon allege that Plaintiffs, and the class Plaintiffs represent, reasonably relied on the Defendants' untrue representations as stated above.

84. Plaintiffs are informed and believes and based thereon allege that Plaintiffs, and the class

they represent, were harmed by Defendants' conduct in many ways including, but not limited to, the payments of thousands of dollars for defective equipment and lost profits.

85. Plaintiffs are informed and believes and based thereon allege that Plaintiffs' reliance on Defendants' representations as stated above was reasonable and was a substantial factor in causing the Plaintiffs' lost profits and/or damage in an amount to be proven at the time of trial.

## VII.

## FOURTH CAUSE OF ACTION

### For Negligence against Defendants

86. Plaintiffs incorporate and re-allege the allegations of paragraphs 1 through 85, inclusive, as if fully set forth herein.

87. Plaintiffs are informed and believe and based thereon allege that Defendants had a duty to provide properly functioning and lawfully compliant Passport systems, fit for its intended use and free from defects to the purchaser Plaintiffs, and the class the Plaintiffs represent.

88. Plaintiffs are informed and believes and based thereon allege that within the past two (2) years, Defendants breached said duty and instead provided Plaintiffs, and the class the Plaintiffs represent, with defective Passport systems.

89. Plaintiffs are informed and believes and based thereon allege that it was foreseeable that providing Plaintiffs, and the class the Plaintiffs represent, with defective Passport systems would cause injury to the Plaintiffs and the class the Plaintiffs represent.

90. Plaintiffs are informed and believe and based thereon allege that as a direct and proximate result of the Defendants' negligence, the Plaintiffs, and the class the Plaintiffs represent, have been damaged in an amount to be proven at the time of trial.

## VIII.

## FIFTH CAUSE OF ACTION

### Breach of Warranty - Express and Implied

### Against Defendants

91. Plaintiffs incorporate and re-allege the allegations of paragraphs 1 through 90, inclusive,

-22-

Complaint

1    as if fully set forth herein.

2        92.  Plaintiffs are informed and believes and based thereon allege that Defendants are

3    manufacturers and/or distributors.

4        93.  Plaintiffs purchased the subject Passport systems at retail prices within the State of

5    California.

6        94.  Plaintiffs are informed and believes and based thereon allege that at the time of the sale,

7    and currently, Defendants are in the business of manufacturing, distributing and selling the Passport

8    system.

9        95.  Plaintiffs are informed and believes and based thereon allege that by operation of law,

10   Defendants impliedly warranted to Plaintiffs that their Passport system was of merchantable quality

11   and fit for the ordinary purposes for which it is used.

12       96.  Plaintiffs are informed and believes and based thereon allege that Defendants knowingly

13   and/or recklessly sold a defective product without conspicuously informing the Plaintiffs about the

14   defects and that Defendants possessed actual superior knowledge of the defects and undisclosed

15   extraordinary operating expenses.

16       97.  Plaintiffs are informed and believes and based thereon allege that Defendants' waiver

17   and/or limits on implied and/or express warranties are unconscionable, illegal, and unenforceable,

18   since Plaintiffs had no meaningful choice in determining those time limitations; the warranties were

19   written by Defendant, without input of Plaintiffs; the warranties overwhelmingly favors Defendants

20   by unreasonably limiting the warranty on a product that is expected to last years and years; a gross

21   disparity in bargaining power existed as between Defendants and the Plaintiffs and class members;

22   Defendants knew or should have known that the Passport system was defective at the time of sale and

23   would be subject to constant maintenance and attention before the end of its useful lives, and

24   Plaintiffs were unfairly surprised by the limitations.

25       98.  Plaintiffs are informed and believes and based thereon allege that Defendants breached

26   said warranties at the time of sale.

27       99.  Plaintiffs are informed and believes and based thereon allege that with regard to

28   Defendant Gilbarco's distributors, Plaintiffs were the intended third-party beneficiaries of the

warranties made by Defendant Gilbarco. Defendant Gilbarco, who is the manufacturer of the Passport system knew that the distributors to whom it sold the system were not going to own the system any longer than it took to sell them to the Plaintiffs. Further, Defendants intended that any warranty, whether express or implied, that applied to the Passport system were for the benefit of the Plaintiffs; who are the people that own and use the Passport system.

100. Defendants knew and intended that Plaintiffs were the ultimate beneficiary of Defendants' warranties as they are the owners of the Passport system.

101. Plaintiffs are informed and believes and based thereon allege that Defendants, who manufacture, distribute, sell and market the Passport system, and/or sellers/resellers of the system, had knowledge that Plaintiffs were the end users of the system when Defendants entered into any and all sales contracts and subcontracts for the Passport system and Defendants' intent to benefit Plaintiffs arise by operation of law pursuant to the "implied covenant of good faith and fair dealing" contained within any and all sales contracts and subcontracts for the Passport system entered into by Defendants.

102. Plaintiffs are informed and believes and based thereon allege that Defendants provided, or caused to be provided, samples, models and/or descriptions of the defective Passport systems and represented that same was fit for its intended purpose, would be free from defects and was lawfully compliant.

103. Plaintiffs are informed and believes and based thereon allege that said Passport systems do not perform as promised.

104. Plaintiffs are informed and believes and based thereon allege that Plaintiffs, and the class Plaintiffs represent, and others took reasonable steps to notify Defendants within a reasonable time that the Passport system was not as represented.

105. Plaintiffs are informed and believes and based thereon allege that Plaintiffs, and the class Plaintiffs represent, were harmed.

106. Plaintiffs are informed and believes and based thereon allege that the failure of the Passport system to be as represented was a substantial factor in causing the Plaintiffs, and the class the Plaintiffs represent, harm in an amount to be proven at the time of trial.

107. Plaintiffs are informed and believes and based thereon allege that as a proximate result of Defendants' breach of warranty, Plaintiffs have sustained damages and other losses in an amount to be determined at trial. Plaintiffs are entitled to recover damages and attorney's fees as provided by law, as well as costs, recession, and other relief as is deemed appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

### AS TO THE FIRST CAUSE OF ACTION

1. A temporary restraining order, preliminary injunction and permanent injunction restraining and enjoining Defendants, and their agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from engaging in any further unfair and fraudulent advertising/business practices against Plaintiffs, including but not limited to, prohibiting Defendants and its/their agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from continuing to advertise and represent that the Passport system is defect free and performs as currently advertised and an order requiring Defendants to supply the Plaintiffs, and the class the Plaintiffs represent with systems free from defects complete with features as advertised.

2. Restitution and/or recision in an amount according to proof at the time of trial, incurred as a result of Defendants' violations of California *Business and professions Code* §17200, et seq.;

3. A Declaration of the rights and obligations of the parties as set forth in this Complaint;

4. For all other relief as the Court may deem proper;

### AS TO THE SECOND CAUSE OF ACTION

5. A temporary restraining order, preliminary injunction and permanent injunction restraining and enjoining Defendants, and their agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from engaging in any further unfair and fraudulent advertising/business practices against Plaintiffs, including but not limited to, prohibiting Defendants and its/their agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from continuing to advertise and represent that the Passport system is defect free and performs as currently advertised and an order requiring Defendants to supply

1   the Plaintiffs, and the class the Plaintiffs represent with systems free from defects complete with

2   features as advertised.

3   6.      Restitution and/or recision in an amount according to proof at the time of trial, incurred as a

4   result of Defendant's violations of California *Business and professions Code* §17200, et seq.;

5   7.      A Declaration of the rights and obligations of the parties as set forth in this Complaint;

6   8.      For all other relief as the Court may deem proper;

7                       **AS TO THE THIRD CAUSE OF ACTION**

8   9.      For special damages in an amount to be proven at the time of trial;

9   10.     For special damages in an amount to be proven at the time of trial;

10  11.     For all other relief as the Court may deem proper;

11                      **AS TO THE FOURTH CAUSE OF ACTION**

12  12.     For general damages in an amount to be proven at the time of trial;

13  13.     For special damages in an amount to be proven at the time of trial;

14  14.     For all other relief as the Court may deem proper;

15                      **AS TO THE FIFTH CAUSE OF ACTION**

16  15.     For general damages in an amount to be proven at the time of trial;

17  16.     For special damages in an amount to be proven at the time of trial;

18  17.     For all other relief as the Court may deem proper;

19                      **ON ALL CAUSES OF ACTION**

20  18.     Attorneys' fees and costs in an amount determined by the Court to be reasonable, as authorized

21  by statute;

22  19.     For costs of suit herein;

23  20.     For any other and further relief the Court deems just and proper.

24

25  Dated: February 2, 2011                          BLEAU FOX , A P.L.C.

26

27                                                   By:

28                                                   Thomas P. Bleau, Esq., Attorneys for
                                                     Plaintiffs, Yem, Inc., et al.

                                    -26-
                                  Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit "A"**



# Gilbarco® Passport® Point of Sale

Today's convenience store environment has more challenges than ever — more items, more programs, more components. And it's important to choose a POS system that brings it all together.

Gilbarco Veeder-Root's Passport POS system is your connection to a more convenient, more secure, more profitable future.

Passport provides:
> **Superior usability** with an intuitive, intelligent touch-screen interface that dramatically reduces training time, errors and shrinkage.
> **Seamless connectivity and standardization** with more dispensers, components and locations, using PCATS industry standards for device integration.
> **Powerful business information and security** features through dynamic reporting and tracking mechanisms.

> **Sophisticated business growth tools,** including fuel discounting, the industry's leading digital merchandising, forecourt and CRIND® control capabilities, and additional profit center management.
> **Easy expandability and maintenance** — Passport's modular structure and optional software maintenance agreements mean you can buy only what you need today and expand as your business requirements evolve.

Technology with a human touch.

# A new way to manage your world. — Passport® POS

**Superior usability**
> Intelligent touch-screen technology constantly adapts to simplify transactions
> Customizable positions & images for speed keys
> Key layout customizable for each user (right-handed or left-handed)
> Easy operation of unique profit centers such as car wash and QSR (Quick Serve Restaurants)
> Different speed keys for different times of day

**Seamless connectivity and standardization**
> Gilbarco®, Wayne® and Tokheim® dispensers
> CRIND (without a pump control box)
> Cash Acceptors
> Security cameras
> Car wash
> Mannatec/CFN fleet networks
> Kitchen monitors
> Loyalty application programming interface
> Price Sign interface
> Simplified multi-site management with sophisticated extraction tools

> ACH (NPC) to reduce card fees

**Powerful business information and security features**
> Real-time reporting
> Electronic journal captures every keystroke at every register
> Detailed tracking of safe drops and fuel inventory
> Tiered security groups define user access and tasks based on employee functions
> Real-time security camera interface
> Blind balancing forces cashier to balance the till without knowing how much cash should be in the drawer
> Cashier statistics give you more control
> No sale, void, price override tracking with reason codes
> System exceptions reports

**Sophisticated business growth tools**
> Dual PPU for cash/credit pricing
> Card based loyalty accounts
> Partial unattended operation

> CRIND merchandising
> Fuel discounting by card type, car wash and cash
> Additional promotion types, including mix & match and combo
> New ways to maximize profit centers such as QSR through register groups

**Easy expandability and maintenance**
> Add-on software modules to grow with your business
> 24/7/365 support at any location from our remote help desk
> Remote diagnostics and repair resolve up to 90% of problems without an on-site service call
> Comprehensive service offerings
> Software maintenance agreements include annual updates to the newest, most powerful technology
> Supported by the industry's strongest service organization and most comprehensive warranty

# Passport® Specifications

| Hardware: |
|---|
| > Intel® Pentium 4  2.6GHz (or higher) |
| - Socketed processor |
| - 400 MHz system bus |
| > System Memory |
| - 1GB DDR SDRAM standard on PS52 server |
| - Upgradable to 2 GB |
| > Dual 80GB HD on PS52 server |
| > SoundBlaster™ compatible integrated 56K RAS modem |
| > Integrated 52x32x52 CD-RW |
| > Tri-fan positive pressure cooling system |
| > 300 W Universal power supply |

| 15" LCD Touch Screen: |
|---|
| > Five-wire resistive |
| > Dual bulb |
| > Integrated stereo speakers |

| I/O Connectivity: |
|---|
| > RS-232 ports (2) |
| > USB ports (4) |
| > PS/2™ Keyboard and mouse ports |
| > Parallel port |
| > 10/100Mb Ethernet LAN |
| > 8-port USB/RS232 Converter (upgradable to 16 ports) |
| > Linksys® Etherfast® 8-port cable/DSL Route |

| Environmental Specifications: |
|---|
| > Operating range: 41°F – 113°F (10°C – 40°C) |
| > Relative humidity: 20–95% non-condensing |

| Dimensions and Weight: |
|---|
| > Dimensions - 18.30"L x 7.70"W x 16.70"H |
| > Weight — 26 lbs. |

| OPOS Compliant Peripherals: |
|---|
| > PIN Pad with 2-track MSR |
| > Optional Gilbarco® RFID reader |
| > 2 x 20 customer display |
| > Epson® Thermal Receipt Printer |
| > Epson® Impact Network Journal |
| > OKI® Digital LED Report Printer |
| > APG Cash Drawer |
| > Metrologic® scanner |

| Gilbarco Forecourt Control: |
|---|
| > LAN connectivity for Gilbarco |
| > Fault tolerant forecourt control |

NACS® PCATS
MEMBER

**A new way to manage your world. — Passport® POS**

**Superior usability**
> Intelligent touch-screen technology constantly adapts to simplify transactions
> Customizable positions & images for speed keys
> Key layout customizable for each user (right-handed or left-handed)
> Easy operation of unique profit centers such as car wash and QSR (Quick Serve Restaurants)
> Different speed keys for different times of day

**Seamless connectivity and standardization**
> Gilbarco®, Wayne® and Tokheim® dispensers
> CRIND (without a pump control box)
> Cash Acceptors
> Security cameras
> Car wash
> Mannatec/CFN fleet networks
> Kitchen monitors
> Loyalty application programming interface
> Price Sign interface
> Simplified multi-site management with sophisticated extraction tools

> ACH (NPC) to reduce card fees

**Powerful business information and security features**
> Real-time reporting
> Electronic journal captures every keystroke at every register
> Detailed tracking of safe drops and fuel inventory
> Tiered security groups define user access and tasks based on employee functions
> Real-time security camera interface
> Blind balancing forces cashier to balance the till without knowing how much cash should be in the drawer
> Cashier statistics give you more control
> No sale, void, price override tracking with reason codes
> System exceptions reports

**Sophisticated business growth tools**
> Dual PPU for cash/credit pricing
> Card based loyalty accounts
> Partial unattended operation

> CRIND merchandising
> Fuel discounting by card type, car wash and cash
> Additional promotion types, including mix & match and combo
> New ways to maximize profit centers such as QSR through register groups

**Easy expandability and maintenance**
> Add-on software modules to grow with your business
> 24/7/365 support at any location from our remote help desk
> Remote diagnostics and repair resolve up to 90% of problems without an on-site service call
> Comprehensive service offerings
> Software maintenance agreements include annual updates to the newest, most powerful technology
> Supported by the industry's strongest service organization and most comprehensive warranty

## Passport® Specifications

| Hardware: |
| --- |
| > Intel® Pentium 4 2.6GHz (or higher) |
| - Socketed processor |
| - 400 MHz system bus |
| > System Memory |
| - 1GB DDR SDRAM standard on PS52 server |
| - Upgradable to 2 GB |
| > Dual 80GB HD on PS52 server |
| > SoundBlaster™ compatible integrated 56K RAS modem |
| > Integrated 52x32x52 CD-RW |
| > Tri-fan positive pressure cooling system |
| > 300 W Universal power supply |

| 15" LCD Touch Screen: |
| --- |
| > Five-wire resistive |
| > Dual bulb |
| > Integrated stereo speakers |

| I/O Connectivity: |
| --- |
| > RS-232 ports (2) |
| > USB ports (4) |
| > PS/2™ Keyboard and mouse ports |
| > Parallel port |
| > 10/100Mb Ethernet LAN |
| > 8-port USB/RS232 Converter (upgradable to 16 ports) |
| > Linksys® Etherfast® 8-port cable/DSL Route |

| Environmental Specifications: |
| --- |
| > Operating range: 41°F – 113°F (10°C – 40°C) |
| > Relative humidity: 20–95% non-condensing |

| Dimensions and Weight: |
| --- |
| > Dimensions - 18.30"L x 7.70"W x 16.70"H |
| > Weight — 26 lbs. |

| OPOS Compliant Peripherals: |
| --- |
| > PIN Pad with 2-track MSR |
| > Optional Gilbarco® RFID reader |
| > 2 x 20 customer display |
| > Epson® Thermal Receipt Printer |
| > Epson® Impact Network Journal |
| > OKI® Digital LED Report Printer |
| > APG Cash Drawer |
| > Metrologic® scanner |

| Gilbarco Forecourt Control: |
| --- |
| > LAN connectivity for Gilbarco |
| > Fault tolerant forecourt control |



# Passport® Program — Exclusively for ConocoPhillips® Marketers

## Upgrade to Gilbarco® Passport Now and Save Over $1,500! Choose One of the Following Options:



### 1. Two free Passport Software Modules -

Let Passport's Advanced Software Modules help manage your business

> Powerful business information and security features through dynamic reporting and tracking mechanisms.

> Sophisticated business growth tools, including fuel discounting, merchandising options, and additional profit center management.

> Easy expandability – You buy only what you need today and expand as needed.

| Software Module | Description |
|---|---|
| Enhanced Store | Unlimited register groups, PLUs, departments and tender types. Local account support. |
| Advanced Merchandising | Unlimited speed key menus, qualifiers and pricing groups. Flexible promotional pricing methods such as "buy 1, get 1 free." |
| Employee Management | Ability to manage more than 20 employees. Up to 99 security groups. Blind Balancing for till reconciliation and a special cashier group. |
| Enhanced Reporting | All Passport reports turned on. Flash reporting and configurable manager periods. |
| Car Wash Interface | Standard car wash interface (Kesseltronics, Ryko and Unitec). |
| Enhanced Card Services | Auxiliary network interface (Mannatec, CFN, HPO). |
| Enhanced Loyalty Interface | Standard 3rd party interface to over 7 leading loyalty applications. |

### OR

### 2. An Extended Passport Service Offering (FREE 2nd year of PLUS PSO)

Passport® Service Offering (PSO) saves you time and money.

| Coverage | Description |
|---|---|
| Helpdesk Support | 24/7/365 Passport assistance for managers and cashiers |
| Passport Software Maintenance | Upgrades and service packs for Passport application software |
| Remote Diagnostics | Remote (dial-in) diagnostics and fix |
| | 90%+ remote fix resolution rate on Passport issues increases system uptime and saves you money on service calls. |

Orders must be placed through an authorized Gilbarco distributor before December 11, 2009 to be eligible for the promotional pricing.



## GILBARCO
## VEEDER-ROOT

Technology with a human touch.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Martin R. Fox, ESB SBN 155783<br>BLEAU FOX, a P.L.C.<br>3575 Cahuenga Blvd., West<br>Suite 580<br>Los Angeles, CA 90068 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>FEB 0 2 2011<br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>RUBENA LOPEZ |

TELEPHONE NO.: 323-874-8613     FAX NO.: 323-874-1234
ATTORNEY FOR *(Name):* Plaintiffs YEM, Inc., et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: YEM, Inc., et al. v. Gilbarco, Inc., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC454225**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 2/11/11

Martin R. Fox, ESB SBN 155783
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

*Legal Solutions Plus*

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Yem, Inc., et al. v. Gilbarco, Inc., et al. | CASE NUMBER BC454225 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 2-3 HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [X] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | (1.), 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LA-481

| SHORT TITLE: Yem, Inc., et al. v. Gilbarco, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: Yem, Inc., et al. v. Gilbarco, Inc., et al. | CASE NUMBER |
| --- | --- |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review (Cont'd.)** | | | |
| Writ of Mandate<br>(02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review<br>(39) | ☐ A6150 | Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 | Construction defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | | |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | | |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | | |
| Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190 | Election Contest | 2. |
| | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100 | Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Yem, Inc., et al. v. Gilbarco, Inc., et al. | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
| --- | --- |
| [X]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 1303 S. Western Ave., |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90006 | |
| --- | --- | --- | --- |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> _____ courthouse in the <u>Central</u> _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 2/2/11 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Martin R. Fox, Esq.

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

# Exhibit B

 CT Corporation

**Service of Process Transmittal**
02/28/2011
CT Log Number 518113206

**TO:**   Michael D. Beverly, General Counsel
Gilbarco, Inc.
7300 West Friendly Avenue
Greensboro, NC 27410-6200

**RE:**   **Process Served in California**

**FOR:**   Gilbarco Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Yem, Inc., etc., et al., on behalf of themselves and all those similarly situated, Pltfs. vs. Gilbarco, Inc., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit, Cover Sheet, Instruction(s), Cover Sheet Addendum and Statement, Initial Status Conference Order, Minute(s), Notice, Attachment |
| **COURT/AGENCY:** | County of Los Angeles, Superior Court, CA Case # BC454225 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - Class action - Defendants impliedly warranted to plaintiffs that their Gilbarco Passport Point of Sale System was of merchantable quality and fit for the ordinary purposes for which it is used and defendants knowingly and/or recklessly sold a defective product without conspicuously informing the plaintiffs about the defects and that defendants possessed actual superior knowledge of the defects and undisclosed extraordinary operating expenses |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/28/2011 at 14:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // March 25, 2011 at 9:00 a.m. - Initial status conference |
| **ATTORNEY(S) / SENDER(S):** | Thomas P. Bleau Bleau Fox, a P.L.C. 3575 Cahuenga Boulevard West, Suite 580 Los Angeles, CA 90068 323-874-8613 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 794481244675 Email Notification, Jim Holladay jim.holladay@danaher.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / JJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Exhibit C

1   Thomas P. Bleau, Esq. SBN: 152945
    Martin Fox, Esq. SBN 155783
2   BLEAU FOX, A P.L.C.
    3575 Cahuenga Boulevard West, Suite 580
3   Los Angeles, California 90068
    Telephone    : (323) 874-8613
4   Facsimile    : (323) 874-1234
    tbleau@bleaufox.com
5   mfox@bleaufox.com

6
    Attorneys for Plaintiffs,
7   Yem, Inc., et al

8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11          **FOR THE COUNTY OF LOS ANGELES - CENTRAL CIVIL WEST**

12  YEM, INC., a California corporation,        )   CASE NO: BC454225
    AHMAN DIAB, an individual, SOBHY C.         )   [Assigned for all purposes to the Honorable
13  YOUSEF, an individual, 676 EAST LAKE        )   Elihu M. Berle, Department 323]
    LLC, a California limited liability         )
14  company, MORRIS POULDAR, an                 )   PLAINTIFFS' INITIAL STATUS REPORT
    individual,                                 )
15                                              )   DATE:       March 25, 2011
              Plaintiffs on behalf of           )   TIME:       9:00 a.m.
16            themselves and all those          )   DEPT.:      "323"
              similarly situated,               )
17                                              )
                                                )
18  v.                                          )
                                                )
19  GILBARCO, INC., a Delaware Corporation;     )
    CALIFORNIA PETROLEUM EQUIPMENT              )
20  CORPORATION, a California corporation;      )
    NORTHWEST PUMP & EQUIPMENT CO.,             )
21  a Washington corporation; and DOES 1        )
    through 100, Inclusive,                     )
22                                              )
                                                )
23            Defendants.                       )
                                                )
    _____    )

24  TO ALL PARTIES AND TO THEIR ATTORNEY'S OF RECORD:

25      Pursuant to the Court's February 18, 2011 Order, the Plaintiffs submit this unilateral Initial

26  Status Conference Report.

27      Defendant Gilbarco was served on February 28, 2011 (service upon registered agent, CT

28  Corporation Systems). Defendant Northwest Pump & Equipment Co. was served in error at 7914

                                          -1-
                              Plaintiffs' Initial Status Report

1   Ajay Drive, Sun Valley, CA.  However, recently retained counsel for Northwest Pump, John D.

2   Klinedinst, Esq., has graciously agreed to accept service on behalf of Northwest.   Defendant

3   Commercial Petroleum Equipment (erroneously sued as California Petroleum Equipment) was served

4   by substituted service on March 1, 2011.

5        Counsel for Plaintiffs has had recent contact from counsel for Northwest and Commercial,

6   however, no contact has been received from Defendant Gilbarco as of this date.

7        Thus, since no response pleadings are yet due, Plaintiffs respectfully submit this unilateral

8   report (pursuant to the Clerk's instructions) and anticipate submitting a joint report once all parties

9   have appeared.

10

11   1.   Plaintiffs' Counsel -
          Martin Fox, Esq.
12        BLEAU FOX a P.L.C.
          3575 Cahuenga Blvd., West
13        Suite 580
          Los Angeles, CA 90068
14        mfox@bleaufox.com
          Telephone - 323-874-8613
15        Facsimile - 323-874-1234

16

17        Anticipated Defense Counsel -

18

19        For Defendant Commercial Petroleum Equipment

20        Joe Strohman, Esq.
          FERGUSON CASE ORR PATERSON LLP
21        1050 S. Kimball Road
          Ventura, CA 93004
22        jstrohman@fcoplaw.com
          Telephone - 805-659-6800
23        Facsimile -  805-659-6818

24        For Defendant Northwest Pump & Equipment

25        John D. Klinedinst
          KLINEDINST PC
26        777 S. Figueroa St., 47th Floor
          Los Angeles, CA 90017
27        jklinedinst@klinedinstlaw.com
          Telephone - 213-607-2115
28        Facsimile - 213-607-2116

2.     Consideration of any issues of jurisdiction or venue: The Plaintiffs are not aware of any issues of jurisdiction or venue.

3.     Parties to the action and the addition of parties: The Plaintiffs are not aware of any additional parties at this time. Once discovery commences, additional parties may come to light.

4.     Claims and defenses; including cross-claims: Plaintiffs' claims are set forth in the operative complaint and are condensed as follows. Plaintiffs essentially allege that Defendant Gilbarco created, manufactured, advertised and sold "PCI compliant" specialized point-of-sale software and hardware (the "Passport" system) for use in motor fuel service stations. Said software and hardware was sold, distributed, installed and serviced through companies such as Commercial and Northwest. However, Plaintiffs allege that said system(s) contain many defects, errors and malfunctions causing the end users (the Plaintiffs) to incur lost sales, the inability to properly and adequately track the sales in their respective businesses, the systems "freeze up" causing the stations to shut down and fails to accurately track the sales of motor fuel by type etc. Plaintiffs do not anticipate seeking leave to add, change or modify the Complaint at this time. Plaintiffs do recognize that given the nature of the action, cross-complaints with regard to the Defendants, as between themselves and/or others, may occur.

5.     Plaintiffs are not aware of any related litigation at this time.

6.     Plaintiffs are not aware of any applicable and/or enforceable arbitration clauses.

7.     Core factual and legal issues:

Plaintiffs believe that the Defendants violated California *Business and Professions* Code §17500 in that they advertised and represented that the Passport system would do everything the previous version would do and more. However, once installed, the Plaintiffs allege that the Passport system has system wide inherent defects and fail to be PCI compliant, the system "freezes" and slows down thereby irritating the Plaintiffs' customers, loses sales and double enters the same transaction thereby causing lost profits and forces the retailer Plaintiffs to pay higher taxes on artificially inflated sale and fails to track the sales of fuel accurately and by grade. Plaintiffs also assert violations of California *Business and Professions* Code §17200, Negligent Misrepresentation, Negligence and Breach of Warranty all related to the same facts

1   set forth above.

2   Plaintiffs anticipate that legal issues will include class certification disputes and breach of

3   warranty defenses.

4   8.   Legal Issues that is resolved may simplify or further resolve the matter: Plaintiffs are not

5   aware of any at this time.  Plaintiffs anticipate that after discovery, legal issues may arise.

6   9.   Estimated size of class: Plaintiffs estimate the size of the class to be approximately 4,000 to

7   5,000 California motor fuel stations at this time.

8   10.   Discovery completed to date: None, responsive pleadings are due at the end of March and into

9   April.

10   11.   Phased Discovery: Plaintiffs believe that discovery will be relatively simple and does not need

11   to be conducted in phases.

12   12.   Issues regarding discovery of electronically stored information. Plaintiffs believe that this will

13   not be an issue as the gravamen of the Complaint involves recent business activity and most

14   of the records should be readily available electronically. Normal "bates" identification

15   numbering should suffice. Plaintiffs do not anticipate problems working with counsel to

16   arrive at the format, type of ESI and search criteria.

17   13.   Electronic Service Provider:  Given the limited nature of the action, Plaintiffs do not see the

18   necessity of using same.

19   14.   Document and Information Exchange: Plaintiffs would agree to exchange documents and

20   information voluntarily.

21   15.   Appropriate alternative dispute resolution mechanisms: Once initial discovery is completed,

22   Plaintiffs believe that the case may be suited for mediation.

23   16.   Insurance coverage: Unknown to Plaintiffs at this time.  Plaintiffs do not have coverage for

24   the claims in this action.

25   17.   Proposed Discovery Cut-off: Plaintiffs suggest 30 days before trial.

26   18.   Target date and estimate for trial: Plaintiffs estimates 10-14 days at this time.

27

28

1

2   Dated:  March 22, 2011

3

4                                                              BLEAU FOX , A P.L.C.

5                                                              By:

6                                                              Martin  Fox,  Esq.,  Attorneys  for
                                                               Plaintiffs, Yem, Inc., et al.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**1013A**

| | |
|---|---|
| **STATE OF CALIFORNIA** | ) |
| | )ss |
| **COUNTY OF LOS ANGELES** | ) |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **3575 Cahuenga Blvd., West, Suite 580, Los Angeles, CA 90068.**

On **March 22, 2011,** I served the foregoing documents described as: PLAINTIFFS' INITIAL STATUS REPORT on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Joe Strohman, Esq.
FERGUSON CASE ORR PATERSON LLP
1050 S. Kimball Road
Ventura, CA 93004
jstrohman@fcoplaw.com
Telephone - 805-659-6800
Facsimile -  805-659-6818

For Defendant Northwest Pump & Equipment
John D. Klinedinst
KLINEDINST PC
777 S. Figueroa St., 47th Floor
Los Angeles, CA 90017
jklinedinst@klinedinstlaw.com
Telephone - 213-607-2115
Facsimile - 213-607-2116

☒ BY FACSIMILE: I sent a copy via facsimile transmission to the telefax number(s) indicated above. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission and it recorded it as completed.

☒     BY E MAIL

☒     BY MAIL
I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒     As follows:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

Executed on this  **22ND day of March , 2011**, at Los Angeles, California.

☒     (State)  I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Signature: _____

Martin Fox

-6-

Plaintiffs' Initial Status Report

# Exhibit D

1  Craig J. Mariam (SBN 225280)
   GORDON & REES LLP
2  633 W. 5th Street Ste. 5200
   Los Angeles, CA 90071
3  Telephone: (213) 576-5000
   Facsimile: (877) 306-0043
4  cmariam@gordonrees.com

5  Dane H. Butswinkas
   Daniel P. Shanahan
6  Benjamin M. Greenblum
   *Pro Hac Vice* Applications Pending
7  WILLIAMS & CONNOLLY LLP
   725 Twelfth Street, N.W.
8  Washington, DC 20005
   Telephone: (202) 434-5000
9  Facsimile: (202) 434-5029

10 Attorneys for defendant Gilbarco, Inc.

11

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14                    **WESTERN DIVISION**

15

16 | YEM, INC, a California Corporation, | Case No.: |
   | AHMAN DIAB, an individual, SOBHY | |
17 | C. LLC, a California limited liability | Removed from: |
   | company, MORRIS POULDAR, an | |
18 | individual, | Superior Court of the State of California |
   | | For the County of Los Angeles |
19 |               Plaintiffs, | Class Action Case No. BC454225 |

20              vs.                      **DECLARATION OF ANDREW
                                         ROBINSON IN SUPPORT OF**
21 GILBARCO, INC., a Delaware          **DEFENDANT GILBARCO,**
   Corporation, CALIFORNIA            **INC.'S NOTICE OF REMOVAL**
22 PETROLEUM EQUIPMENT
   CORPORATION, a California
23 corporation, NORTHWEST PUMP &
   EQUIPMENT CO., a Washington
24 corporation, and DOES 1 through 100,
   inclusive,

25              Defendants.

26

27      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

28 THE CENTRAL DISTRICT OF CALIFORNIA:

                                  - 1 -

1     I, Andrew Robinson, declare:

2     1.    I am Director, Point-of-Sale Marketing for defendant Gilbarco, Inc. ("Gilbarco"). I am over the age of eighteen years and a citizen and resident of the United States of America. The matters stated in this declaration are of my own personal knowledge gained as an employee of Gilbarco and, if called upon as a witness, I could and would competently testify thereto.

2.    Gilbarco is a corporation formed under the laws of the State of Delaware. Gilbarco's principal place of business is located in the State of North Carolina. Attached hereto as Exhibit 1 is a true and correct copy of a certification from the Delaware Secretary of State attesting that Gilbarco is incorporated in Delaware.

3.    Each memorandum, report, record, or data compilation relied on or referenced in this declaration has been kept in the course of a regularly conducted business activity, and it has been the regular practice of Gilbarco to create and maintain these records as part of its regularly conducted business activity. I have reviewed the complaint captioned *Yem, Inc.et al. v. Gilbarco, Inc. et al*, case number BC454225, a true and correct copy of which is attached to Gilbarco's Notice of Removal as Exhibit A.

4.    As the director of point-of-sale marketing, I have access to Gilbarco's warranty data for the previous four years. I have reviewed this data in preparation for verifying this declaration, and believe that during the four-year period preceding the filing of this action, Gilbarco sold more than 1,600 units of Passport for use in the state of California. The approximate price to the consumer of the Passport system is $12,000. $12,000 multiplied by 1,600 units is $19,200,000. Therefore, the putative plaintiff class's claim for rescission places more than $5,000,000 in controversy in this dispute.

DECLARATION OF ANDREW ROBINSON IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

1       I declare under the laws of the State of California and the United States of

2  America that the foregoing is true and correct.

3       Executed this 23rd day of March 2011 in _Greensboro_ , North Carolina.

4

5

6

7                        Andrew Robinson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ANDREW ROBINSON IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

//9483168v.1

# Exhibit 1

# *Delaware*

PAGE    1

## *The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "GILBARCO INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-THIRD DAY OF MARCH, A.D. 2011.

2110904    8300

110329703

You may verify this certificate online at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 8642624

DATE: 03-23-11

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| YEM, INC., a California Corporation, AHMAN DIAB, an individual, SOBHY C. YOUSEF, an individual, 676 EAST LAKE LLC, a California limited liability company, MORRIS POULDAR, an individual | GILBARCO, INC., a Delaware Corporation, CALIFORNIA PETROLEUM EQUIPMENT CORPORATION, a California corporation, NORTHWEST PUMP & EQUIPMENT CO., a Washington corporation, and DOES 1 through 100, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Thomas P. Bleau, Esq. (SBN: 152945) <br> Martin Fox, Esq. (SBN: 155783) <br> BLEAU FOX, A P.L.C. <br> 3575 Cahuenga Boulevard West, Suite 580 <br> Los Angeles, CA 90068 | Tel.: (323) 874-8613 | Craig J. Mariam, Esq. (225280) <br> Gordon & Rees LLP <br> 533 Fifth Street, 52nd Floor <br> Los Angeles, CA 90071 | Tel.: (213) 576-5000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332(d) - Class Action Fairness Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty <br> ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☒ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11  02496

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date March 23, 2011
Craig J. Mariam

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com